**Anita DEVI; Kunaal Venkat,**
**Petitioners,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 05–70020.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 13, 2006.

See also 107 Fed.Appx. 68.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Anita Devi and her son Kunaal Venkat, natives and citizens of Fiji, petition for review of the Board of Immigration Appeals ("BIA") order denying as untimely their third motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We review for abuse of discretion the denial of a motion to reopen, *de Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004), and we deny the petition for review.

The BIA did not abuse its discretion by refusing to apply equitable tolling to the petitioner's third motion to reopen because the petitioners failed to demonstrate that they acted with due diligence in pursuing the ineffective assistance of counsel claim against their prior attorney, and the petitioners had been represented by new counsel for over two and a half years before filing the current motion. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling applies where the petitioner acts with due diligence in discovering previous counsel's deception, fraud, or error). Accordingly, the BIA did not abuse its discretion in denying Petitioners' motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2).

**PETITION FOR REVIEW DENIED.**